# THOMAS F. DALY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

April 11, 1913.

Nos. 18,031—(124).

**Complaint sufficient after judgment.**

1. A complaint in an action to recover for loss of colts killed by defendant's train stated a good cause of action, as against an objection first made upon appeal from the judgment. [Reporter.]

**Abuse of discretion — vacating verdict taken upon default.**

2. The trial court did not abuse its discretion in refusing to set aside a verdict in an action tried in the absence of defendant's attorneys on the ground that their default was occasioned by their mistake, inadvertence and excusable neglect. [Reporter.]

Action in the district court for Washington county to recover $200, the value of two colts which escaped through a fence negligently destroyed by defendant and were killed by its train. The answer was a general denial. The case was tried before Stolberg, J., in the absence of defendant, and a jury which returned a verdict for the amount demanded. Defendant obtained an order requiring plaintiff to show cause why the verdict should not be set aside on the grounds that (1) it was not justified by the evidence, and (2) it was taken in default of appearance on behalf of defendant, such default being occasioned by the mistake, inadvertence and excusable neglect of defendant and its attorneys. The order to show cause was heard and the motion denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*N. J. Wilcox* and *J. C. Nethaway*, for appellant.

*H. W. Cory*, for respondent.

PER CURIAM.

Action to recover the value of two colts, killed by a train of defendant. The case was at issue and on the calendar of the district court at Stillwater for trial. When it was reached in its order, defendant's attorneys were not present, and the case was tried in their absence, resulting in a verdict for plaintiff. Defendant moved the trial court for an order setting aside the verdict, on the ground that it was not justified by the evidence, and on the ground that it was taken in

[1] Reported in 140 N. W. 1034.

default of appearance on behalf of defendant at the trial; such default being occasioned by the mistake, inadvertence, and excusable neglect of defendant's attorneys. This motion was denied, and judgment was thereafter entered on the verdict. From this judgment, defendant appealed to this court.

Two grounds are relied on for a reversal: (1) That the complaint does not state a cause of action. (2) That the trial court abused its discretion in not relieving defendant from the default.

We think the complaint states a cause of action as against an objection made for the first time on appeal from the judgment. We are also of the opinion, conceding that the question is properly before us, that the trial court did not abuse its discretion in refusing to set aside the verdict on the ground of inadvertence and excusable neglect of defendant's attorneys in failing to appear at the trial.

Judgment affirmed.